CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 03 2006

JOHN F. CORCORAN, CLERK
BY:
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WALTER R. ROBERTSON, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 7:05cv00513 |
| JO ANNE B. BARNHART, | ) By: Michael F. Urbanski |
| Commissioner of Social Security, | ) United States Magistrate Judge |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Walter R. Robertson ("Robertson") brought this action for review of the decision of the Commissioner of Social Security denying his claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XIV of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383. The parties have consented to the undersigned Magistrate Judge's jurisdiction over this matter, and the case is before the court on cross motions for summary judgment. Having reviewed the record, and after briefing and oral argument, the case is now ripe for decision. As the ALJ failed to explain the weight given to the opinion of plaintiff's treating physician, Dr. Steinweg, the court cannot determine whether substantial evidence supports the ALJ's decision. Therefore, this case is remanded to the Commissioner for proper consideration of Dr. Steinweg's opinion.

I

Plaintiff was born on July 3, 1955, completed the seventh grade, and received his GED. (Administrative Record, hereinafter "R." at 25, 64, 76, 324) Plaintiff's previous work was in construction, and included painting, carpentry, and hanging drywall. (R. 25, 71) Plaintiff was

self-employed in the construction business from 1980 to 2003, and briefly worked as a roadside flagger in 2003. (R. 345-47) Plaintiff filed applications for DIB and SSI on April 16, 2003, alleging he became disabled on March 1, 2003, due to hepatitis C, arthritis and a back disorder. (R. 24, 25, 70) Plaintiff's claims were denied at both the initial and reconsideration levels of administrative review, (R. 24), and an administrative hearing was held before an administrative law judge ("ALJ") on November 1, 2004. (R. 339-367) On December 22, 2004, the ALJ issued a decision denying plaintiff's claims for DIB and SSI, finding plaintiff retained the residual functional capacity ("RFC") to perform a significant range of light work. (R. 31) The ALJ found plaintiff capable of lifting no more than twenty (20) pounds at a time, with frequent lifting or carrying of up to ten (10) pounds, no walking over three blocks at a time, and no more than occasional climbing, balancing, stooping, kneeling, crouching or crawling. (R. 30, 31)

The ALJ's decision became final for the purposes of judicial review under 42 U.S.C. § 405(g) on March 25, 2005, when the Appeals Council denied plaintiff's request for review. (R. 16-18) Plaintiff then filed this action challenging the Commissioner's decision.

## II

Plaintiff first argues that the ALJ erred by failing to give proper weight to plaintiff's treating physician, Dr. Steinweg. On September 29, 2003, Dr. Steinweg filled out a Medical Report for General Relief, Medicaid, and Temporary Assistance for Needy Families and opined that plaintiff is unable to work, or has a severely limited ability to support himself for a thirty-day period. (R. 324) Dr. Steinweg added that the length of this limitation was not known. (R. 324) Dr. Steinweg also stated that the plaintiff could not support himself even with treatment, and that he could not afford surgery. (R. 324) Plaintiff complains that the ALJ failed to fully address the

2

opinion of Dr. Steinweg or explain the weight given to it. Plaintiff also contends that the ALJ erred by failing to evaluate plaintiff's mental impairments. In doing so, plaintiff alleges the ALJ failed to properly consider the combined effect of all plaintiff's impairments on his ability to work. Finally, plaintiff claims the Commissioner has failed to meet her burden of establishing that plaintiff can perform work in the national economy. Plaintiff argues that the hypothetical posed to the vocational expert improperly excluded his mental impairments, and that the vocational expert's testimony conflicts with the Dictionary of Occupational Titles ("DOT") and regulatory policies.

The court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the conditions for entitlement established by and pursuant to the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The court is persuaded by plaintiff's first argument and believes the ALJ should have further explained the weight given to Dr. Steinweg's opinion. Without knowledge of what consideration the ALJ gave to Dr. Steinweg's opinion, the court is unable to determine whether the ALJ's decision is or is not supported by substantial evidence. See Riley v. Apfel, 88 F. Supp. 2d 572, 579 (W.D. Va. 2000) (finding that if the ALJ has not specifically indicated the weight to be given to all relevant evidence, "the reviewing court should hesitate to determine that his

3

decision is supported by substantial evidence."). As this case will be remanded for proper consideration of Dr. Steinweg's opinion, the court need not address plaintiff's other arguments.

### III

Dr. Steinweg was plaintiff's treating physician who rendered treatment for more than one year. Plaintiff first visited Dr. Steinweg on March 24, 2003. (R. 320) Examination suggested plaintiff's lower back pain was mostly due to spasm, but Robertson's history added the possibility of nerve root compression. (R. 320) Plaintiff rated his pain as a ten on a scale of zero to ten and complained of chronic back pain radiating to the legs. (R. 320, 321) His gait and station were normal and the straight leg raising test was negative bilaterally. (R. 322) An x-ray revealed a moderate degree of low lumbar degenerative disease, mild disc space narrowing at L5-S1, and sclerosis in the lumbar apophyseal joints. (R. 323) No compressed or subluxed lumbar vertebrae were noted, and the SI-joints showed no abnormality. (R. 323)

Dr. Steinweg saw plaintiff again approximately ten days later on April 3, 2003, when plaintiff complained of progressive low back pain as well as erectile dysfunction. (R. 309) Plaintiff reported an increase in leg pain. (R. 309) He again rated his pain as a ten on a scale of ten. (R. 310) Lab reports and an MRI were performed that day. (R. 312-19) The MRI revealed moderate to severe spondylosis involving the mid and lower lumbar spine, mild acquired canal stenosis at the L3-4 level, a right paracentral/foraminal disc protrusion at the L4-5 level with a right lateral recess and a severe bilateral foraminal encroachment at the L4-5 level, as well as moderate right and moderate-to-severe left sided foraminal stenosis at the L5-S1 level. (R. 318)

Plaintiff next saw Dr. Steinweg on April 7, 2003 for a follow-up visit. (R. 306) Plaintiff appeared well, and he rated his pain at only six out of ten. (R. 307) Dr. Steinweg reported

4

Robertson had back and left leg pain with impressive MRI findings, but no demonstrable motor loss. (R. 306) Plaintiff continued to complain of erectile dysfunction, and raised the new problem of hepatitis. (R. 306) He received a series of hepatitis tests on the same day. (R. 301-05) On April 15, 2003 Robertson returned to see Dr. Steinweg, who noted he received a positive screen for hepatitis C. (R. 298) He reported an acute worsening of his chronic back pain, and Dr. Steinweg noted plaintiff had chronic low back pain with MRI evidence of HNP.[1] (R. 298) He complained of pain at a level of three out of ten, and continued to show gait and station within normal limits. (R. 299-300) The doctor prescribed Percocet. (R. 298)

Over five months later, Dr. Steinweg filled out a Medical Report for General Relief, Medicaid and Temporary Assistance for Needy Families. (R. 324) Dr. Steinweg diagnosed plaintiff with sciatica[2] and categorized his prognosis as poor, noting the diagnosis rendered plaintiff unable to work or severely limited his capacity for self-support for a thirty day period. (R. 324) Dr. Steinweg reported plaintiff could not be self-supporting even with treatment, and recommended surgery, but noted plaintiff could not afford it. (R. 324)

Plaintiff visited Dr. Steinweg on October 14, 2003, stating fatigue was a bigger concern for him than his pain. (R. 292) He reported being very fatigued, and stated he could not function and was tired all the time. (R. 292) Dr. Steinweg attributed his fatigue to hepatitis C and his back pain, continued Robertson on Oxycodone, and counseled him on surgical options but noted plaintiff was frightened of surgery. (R. 292) On January 15, 2004, plaintiff was again seen

---

[1] Herniated Nucleus Pulposus, or a herniated disc.

[2] Sciatica is pain, tingling or numbness produced by an irritation of the sciatic nerve, generally caused by a herniated disc in the spine pressing up against the sciatic nerve. See http://www.webmd.com/hw/back_pain/tp22230.asp.

5

for chronic low back pain. (R. 285) Plaintiff signed a formal pain contract, and was prescribed Oxycodone for breakthrough pain and 20 milligrams of OxyContin. (R. 285) On June 1, 2004, plaintiff complained of pain in his mid to low back with numbness in both legs. (R. 328) Notes indicate Robertson had experienced "classic" panic attacks over the past two months, lasting thirty to forty-five minutes. (R. 328) Additionally, Dr. Steinweg reported alcohol had been a factor for the plaintiff; plaintiff needed to be sober six months before treatment for hepatitis C could be considered, and his last drink was in March of 2004. (R. 328) Plaintiff's reflexes were normal, and his gain was within normal limits. (R. 329) After stating his medications had been stolen three days prior, Robertson was prescribed Oxycodone for breakthrough pain and 40 milligrams of OxyContin. (R. 330)

Finally, on September 17, 2004, plaintiff saw Dr. Steinweg and complained of fatigue, sleep disturbance, and depression. (R. 325-26) His gait and station were again within normal limits, and his reflexes were symmetric and normal. (R. 327) He appeared well, but sad, and was prescribed Wellbutrin. (R. 325, 327) Robertson was also praised for his abstinence from alcohol for five months in the context of potential treatment for hepatitis C. (R. 325) Plaintiff reported continued pain in his lower back with numbness in both legs. (R. 325)

The Fourth Circuit gives great weight to the opinion of a treating physician, for such opinion reflects expert judgment based on continuous observation of a patient's condition over a prolonged period of time. Smith v. Schweiker, 795 F.2d 343, 345-46 (4th Cir. 1986); Mitchell v. Schweiker, 699 F.2d 185, 187 (4th Cir. 1983). However, the Commissioner is not bound by a treating physician's opinion. Mitchell, 699 F.2d at 187. The treating physician rule does not require that the testimony of a treating physician be given controlling weight. Hunter v. Sullivan,

6

993 F.2d 31, 35 (4th Cir. 1992) (citing Campbell v. Brown, 800 F.2d 1247, 1250 (4th Cir. 1986)). The ALJ may choose to give less weight to the testimony of a treating physician if there is persuasive contrary evidence. Foster v. Heckler, 780 F.2d 1125, 1127 (4th Cir. 1986). If a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight. Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996).

In his opinion, the ALJ gave scant consideration to Dr. Steinweg's opinion. The sum total of his analysis is as follows:

> Dr. Steinweg apparently opined that the claimant needs back surgery in order to be able to work without so much pain. The Administrative Law Judge notes that the determination of disability is a matter reserved for the commissioner, and must be made based on all the evidence of record.

(R. 27) The undersigned does not find that this terse mention of Dr. Steinweg's opinion sheds light on what weight, if any, the ALJ gave to the opinion of plaintiff's treating physician.

While it is true that the determination of disability is indeed an issue reserved to the Commissioner, 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1), applicable Social Security regulations require the ALJ to provide his reasons for giving a treating physician's opinion certain weight, or to explain why he discounted a certain physician's opinion. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."). Given Dr. Steinweg's status as a treating physician, the ALJ should have expressly discussed the weight given to his medical opinion in this decision, and outlined his reasons for discounting Dr. Steinweg's report. There is no way for this court to determine whether the ALJ's decision is

7

supported by substantial evidence when the ALJ does not indicate what weight was given to all of the relevant evidence. See, e.g., Gordon v. Schweicker, 725 F.2d 231, 235 (4th Cir. 1984); Myers v. Califano, 611 F.2d 980, 983 (4th Cir. 1980); Stawls v. Califano, 596 F.2d 1209, 1213 (4th Cir. 1979); Arnold v. Secretary, 567 F.2d 258, 259 (4th Cir. 1977). As the Fourth Circuit stated in Arnold:

> The courts...face a difficult task in applying the substantial evidence test when the Secretary has not considered all relevant evidence. Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's "duty to scrutinize the records as a whole to determine whether the conclusions reached are rational."

Arnold, 567 F.2d at 259.

The ALJ's failure to address Dr. Steinweg's opinion and the weight given to it compels the conclusion that the ALJ's decision is not supported by substantial evidence. The undersigned remands this case under sentence four of 42 U.S.C. § 405(g) to the Commissioner for consideration of Dr. Steinweg's opinion as to plaintiff's disability. 42 U.S.C. § 405(g) ("The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.").

## IV

Without knowing what weight was given to this relevant evidence, it is impossible for the court to find that the ALJ's decision is supported by substantial evidence. Therefore, this case is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) because the record did not provide substantial evidence to support the ALJ's decision.

8

Case 7:05-cv-00513-mfu  Document 19  Filed 05/03/06  Page 8 of 9  Pageid#: 76

For the reasons outlined above, and in an accompanying Order entered into this day, defendant's motion for summary judgment will be denied and this case reversed and remanded to the Commissioner for proper consideration of Dr. Steinweg's opinion.

The Clerk of the Court hereby is directed to send a certified copy of this Memorandum Opinion to all counsel of record.

**ENTER:** This 3rd day of May, 2006.

_____
Michael F. Urbanski
United States Magistrate Judge

9